## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

HOLLY JARVIS,

                    Plaintiff,

       v.                               5:25-CV-843
                                           (LEK/MJK)

PROBATION OFFICER JASON DUELL,
and PROBATION OFFICER PHIL PHILBRICK

                    Defendants.

---

HOLLY JARVIS, Plaintiff, *pro se*

MITCHELL J. KATZ, U.S. Magistrate Judge

TO THE HONORABLE LAWRENCE E. KAHN, Senior U.S. District Judge:

### ORDER & REPORT- RECOMMENDATION

Plaintiff, Holly Jarvis, commenced this action on June 27, 2025, by filing a Complaint ("Compl."), and moving for leave to proceed *in forma pauperis* ("*IFP*"). (Dkts. 1, 2). Also, attached to the Complaint is a "Subpoena For Employment Records Of Philbrick & Duel" (Subpoena"). (Dkt. 1-2). The Clerk sent the Complaint, Subpoena, and *IFP* application to this Court for review. (Dkts. 1, 2).[1]

---

[1] This case is related to 5:25-CV-228 (LEK/MJK) and 5:25-CV-645 (LEK/MJK), both pending in the Northern District of New York.

## I.    <u>BACKGROUND</u>

Jarvis alleges that she submitted a FOIL request seeking surveillance footage within one month of an alleged incident at Funny Bone Comedy Club. (Compl., Dkt. 1, at ¶ 8). Jarvis further alleges that despite her request, Defendants have not provided or preserved the requested surveillance footage. Finally, Jarvis alleges that Defendants, the Syracuse Police Department, and Funny Bone Comedy Club had a "joint responsibility to preserve this critical evidence, knowing its relevance to both criminal and civil claims." (*Id.*).

## II.    <u>IFP APPLICATION</u>

Jarvis declares in her *IFP* applications that she is unable to pay the filing fee. (Dkt. 5). After reviewing the *IFP* application, this Court finds that Jarvis is financially eligible for *IFP* status.

## III.    <u>STANDARD OF REVIEW</u>

In addition to determining whether a plaintiff meets the financial criteria to proceed *IFP*, courts must also review the sufficiency of the allegations in the complaint under 28 U.S.C. § 1915. That statute requires a court to dismiss a case—at any time—if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

To be sure, courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). But courts *still* have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

IV.  **DISCUSSION**

**A. Fed. R. Civ. P. 8**

Pleadings must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief …" Fed. R. Civ. P. 8(a)(2). "The purpose of" Rule 8 "is to give fair notice of the claim being asserted so" adverse parties have "the opportunity to file a responsive answer, prepare an

adequate defense, and determine whether the doctrine of res judicata is applicable."
*Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (cleaned up). The rule also
requires the pleading to include "a short and plain statement of the grounds for the
court's jurisdiction" and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1),
(3). "Although 'no technical form is required,' the Federal Rules make clear that
each allegation contained in the pleading 'must be simple, concise, and direct.'"
*Cole v. Smrtic*, No. 1:24-CV-847, 2024 WL 4870495, at *2 (N.D.N.Y. 2024)
(quoting Fed. R. Civ. P. 8(d)). Allegations "so vague as to fail to give the
defendants adequate notice of the claims against them" are subject to dismissal.
*Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Indeed, to survive dismissal for failure to state a claim, a complaint must
contain sufficient factual matter, accepted as true, to state a claim that is "plausible
on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a
cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*,
556 U.S. at 678 (cleaned up).

Here, the Complaint is completely devoid of any allegations, specific or
otherwise, regarding what, if any, activities Defendants engaged in giving rise to
Jarvis's claims against them. As pleaded, there is no logical connection between
Jarvis's allegations about her FOIL request and her purported claims against

Defendants. Stated differently, the Complaint is a "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. And that is not enough to state a claim. *See, e.g., Lesson v. Jane Doe*, No. 1:25-CV-00188 (AMN/TWD), 2025 WL 1291533 (N.D.N.Y. May 5, 2025) (Adopting Report and Recommendation which dismissed a plaintiff's excessive force claim because that plaintiff failed to "identify what force" was used against him or "how it was excessive."). The Court therefore recommends that the Complaint be dismissed without prejudice and with leave to amend, except as to any claims directly related to Jarvis's FOIL request which, for the reasons more fully set forth below, are dismissed without prejudice and without leave to amend. If the District Court accepts this recommendation, and if Jarvis chooses to file an amended pleading, she is directed to plead sufficient facts giving rise to each claim against the named defendants.

## B.  New York Freedom of Information Law

Jarvis's claims emanate from her alleged inability to obtain information under the New York Freedom of Information Law ("FOIL"), N.Y. Pub. Off. L. § 89 *et seq.*, which allows individuals to request disclosure of records collected by New York state agencies, subject to certain statutory exemptions. If an initial request is denied, the requester may appeal the denial first to the "head, chief executive or governing body" of the entity or agency in possession of the

5

documents, and, thereafter, by commencing a special proceeding in New York State courts under Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. L. § 89(4)(a) and (b). Federal courts do not have subject matter jurisdiction to enforce state laws regarding public access to official records. *See In re Shelton*, No. 06-CV- 6132, 2006 WL 3463425, at *2 (E.D.N.Y. Nov. 30, 2006) ("To the extent that [the plaintiff] seeks information from state agencies . . ., this Court does not have jurisdiction over requests made pursuant to the state FOIL."). The Court therefore recommends that any claims specifically arising out of Plaintiff's FOIL request  be dismissed without prejudice and without leave to amend. Those claims, if not time barred, must be pursued in a different forum.

### C. Immunity

"Probation officers are entitled to immunity in the performance of their duties." *Detleelis v. Sharhaugh*, 919 F.3d 161, 164 (2d Cir. 2019) (cleaned up). But the type of immunity afforded depends on whether the probation officer's conduct was judicial or prosecutorial. *Id*. "Probation officers are entitled to absolute immunity from suit in connection with their preparing and furnishing presentence reports to the court." *Id*. (cleaned up). "They are also entitled to absolute

immunity" for "initiating parole revocation proceedings" and "presenting the case for revocation to hearing officers." *Id.* (cleaned up). Probation officers are entitled to qualified immunity when they perform investigatory duties like filing a violation report or recommending the issuance of an arrest warrant. *Id.*

Because the Complaint lacks any specific allegations against Defendants, the Court cannot determine whether they are immune from suit. The Court therefore recommends that the Complaint be dismissed without prejudice and with leave to amend.

### D. Subpoena Request

Plaintiff's request for a subpoena is denied for two reasons. First, because the Court is recommending that the Complaint be dismissed in its entirety, there is no case in which a subpoena may be issued.  Second, Plaintiff's Subpoena is defective since it does not comply with Fed. R. Civ P. 45.

## V. <u>OPPORTUNITY TO AMEND</u>

Generally, before the court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the court should afford a plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is

substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222

F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Here, the Court recommends that Jarvis be granted leave to file an amended

pleading that does not contain any claims directly related to her FOIL request.

Further, if the District Court approves this Report-Recommendation and allows

Jarvis to submit a proposed amended complaint, Jarvis should be warned that any

amended pleading must be a ***complete and separate pleading***. Jarvis must state all

her claims in the new pleading and may not incorporate by reference any part of

her original complaint.

   **WHEREFORE**, based on the findings above, it is

   **ORDERED**, that Plaintiff's motion to proceed IFP (Dkt. 2) is **GRANTED**;[2]

and it is further

   **RECOMMENDED,** that the District Court dismiss Plaintiff's Complaint

**WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** except as to any

claims directly related to Plaintiff's FOIL request which should be dismissed

**WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**; and it is

further

---

[2] The court notes that although Plaintiff's IFP application has been granted, Plaintiff will still be required to pay fees that she may incur in the future regarding this action, including but not limited to copying and/or witness fees.

**ORDERED,** that Plaintiff's request for the issuance of a subpoena is

**DENIED AS MOOT AND WITHOUT PREJUDICE**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order and

Report-Recommendation on Plaintiff by regular mail.[3]

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have 14

days within which to file written objections to the foregoing report. Such

objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE**

**REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v.*

*Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 26, 2025

_____

Hon. Mitchell J. Katz
U.S. Magistrate Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) *(per curiam)*.

2024 WL 4870495
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff,

v.

Honorable Michael W. SMRTIC, et al. Defendants.

No. 1:24-CV-00847 (MAD/CFH)
|
Signed November 21, 2024

**Attorneys and Law Firms**

MATTHEW H. COLE, 271 Market Street, Amsterdam, New
York 12010, Plaintiff pro se.

**REPORT-RECOMMENDATION & ORDER**

CHRISTIAN F. HUMMEL, United States Magistrate Judge

**I. In Forma Pauperis**

**\*1** Plaintiff pro se Matthew H. Cole ("plaintiff")
commenced this action (No. 1:24-CV-00623) on May 6,
2024, by filing a complaint. See Dkt. No. 1 ("Compl.").
On September 26, 2024, plaintiff submitted what the Court
construes to be a supplement to the complaint. [1] See Dkt. No.
7. In lieu of paying this Court's filing fees, he submitted an
application for leave to proceed in forma pauperis ("IFP").
See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP
application and determines that he financially qualifies to
proceed IFP. [2] Thus, the Court proceeds to its review of the
complaint pursuant to 28 U.S.C. § 1915. Plaintiff has also
submitted for the Court's review a Pro Se Application for
Permission to File Electronically and a Motion to Appoint
Counsel. See Dkt. Nos. 4, 5.

[1]     The submission includes a letter addressed to
        District Judge D'Agostino, titled, "Requirements
        for Cases Removed From State Court," Dkt. No.
        7; a receipt from Montgomery County Clerk dated
        December 8, 2022; and a "Notice of Claim" with
        the caption of Cole v. County of Montgomery,
        dated December 7, 2022. See Dkt. No. 7. The
        undersigned has reviewed this submission in
        connection with the initial review of plaintiff's

complaint. See Sira v. Morton, 380 F. 3d 57, 67 (2d
Cir. 2004).

[2]     Plaintiff is advised that, although he has been
        granted IFP status, he is still required to pay all fees
        and costs he may incur in this action, including,
        but not limited to, copying fees, transcript fees, and
        witness fees.

**II. Initial Review**

**A. Legal Standards**

Section 1915 of Title 28 of the United States Code directs
that, when a plaintiff seeks to proceed IFP, "the court shall
dismiss the case at any time if the court determines that ... the
action or appeal (i) is frivolous or malicious; (ii) fails to state a
claim on which relief may be granted; or (iii) seeks monetary
relief against a defendant who is immune from such relief." 28
U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to
determine that a plaintiff may properly maintain his complaint
before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court
must construe his submissions liberally and interpret them
to raise the strongest arguments that they suggest." Kirkland
v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014)
(per curiam) (internal quotation marks omitted); see also
Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As
the Second Circuit stated,

There are many cases in which we have said that a pro
se litigant is entitled to "special solicitude," that a pro se
litigant's submissions must be construed "liberally," and
that such submissions must be read to raise the strongest
arguments that they "suggest[.]" At the same time, our
cases have also indicated that we cannot read into pro se
submissions claims that are not "consistent" with the pro
se litigant's allegations, or arguments that the submissions
themselves do not "suggest," that we should not "excuse
frivolous or vexatious filings by pro se litigants," and that
pro se status "does not exempt a party from compliance
with relevant rules of procedural and substantive law[.]"

**\*2** Triestman v. Fed. Bureau of Prisons, 470 F.3d 471,
477 (2d Cir. 2006) (citations and footnote omitted); see also
Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92
(2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)). Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction ...;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought...

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**\*3** This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) [3] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis.").

[3]      Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

### B. Complaint

Plaintiff's civil cover sheet indicates that he seeks to bring this action pursuant to "Title U.S.C. 18 Section 241, Conspiracy Against Rights & Title U.S.C. 18 Section 242 Deprivation of rights Under Color of Law." Dkt. No. 1-1 at 1. The civil cover sheet further provides that his cause of action involves, "Violation of Due process, Speedy Trial Rights, Ineffective Assistance of Counsel. I feel I am being targeted for being black and gay." Id.

Plaintiff's form complaint checks the box indicating that he seeks to bring this case pursuant to 42 U.S.C. § 1983.

See Compl. at 3. In response to the question in the form complaint asking in "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," plaintiff responds, "Due Process, 30.30 Speedy Trial Violation, Ineffective Assistance of counsel."[4] Id. In response to a question asking him to explain "how each defendant acted under color of state or local law," plaintiff states "Each judge deliberately denied me due process, and refused to look into the paperwork to see that i was improperly denied my speedy trial rights. It was a tean [sic] effort. The ADA/Special Prosecutor withheld intended exculpatory material which was usd [sic] against me. All mentioned actions were done and upheld even after I showed federal law with supportive case law as a pro se litigant." Id.

[4]     Although plaintiff generally references ineffective assistance of counsel, Compl. at 4, he does not name any attorney who may have represented him. Any claims against the prosecutor would not be considered ineffective assistance of counsel because Mr. Maxwell, as the prosecutor, was not plaintiff's attorney.

Plaintiff provides that his "case is still on appeakl [sic] in Appellate Court Third Department. I feel they are guilty, or part of what I call a scandal. I went to them from the very start with a complaint to the grievance committee, where they denied any wrongdoing. It must be ok to violate Constitutional rights there. This is from March 2019 to present" Id.

In response to a question that asks plaintiff to state the facts underlying his claims, plaintiff states, "Please see attached Article 78 that is attached. It was dismissed being in the wrong court, but is on point." Id. at 4. Plaintiff did not provide the Court with any such attachment and has not submitted any Article 78 materials. See Compl., Dkt. No. 7.

In response to the form complaint's question asking about any injuries suffered as a result of the conduct he complains of, plaintiff states, "Sever [sic] depression over 20 years, irreperable [sic] harm, defamation of charcter [sic] by arguments not legally allowed to give. Loss of income, inability to gain and keep employment, mental trauma, instilled disbelief in justice in the legal system, familial traumam [sic] due to my legal battles." Id. Indicating the relief sought, plaintiff states

*4 Petitioner seeks reinstatement of driving priveldges [sic], and 10 million dollars for damages caused by conflict of interest, deliberate violation of Due Process, Speedy Trial rights, Ineffective assistance of counsel, malice, Brady Violation, Petitioner claims deliberate misconduct and malice in Montgomery County Court, the Saratoga Disrict Attorney's Office, and the Supreme Court Appellate Division Third department. ** This is subject to change if an attorney agrees to represent.

Compl. at 5. Although he typed his name, plaintiff does not sign the complaint where a signature is indicated. See id. at 8.

Plaintiff provides in his supplement that he "removed this action to district court asserting jurisdiction pursuant to 42 U.S.C. 1983, and § 1441." Dkt. No. 7. at 1. Plaintiff states that he removed this case from Montgomery County Supreme Court. See id. He states that he seeks or sought the removal because he was told he was "not guarantee counsel" at the state, but that "[i]n Federal Court, there is that option, pending qualification, and I am told, if a lawyer agrees to take it, then I really have something. I am in dire need of counsel." Id.

Plaintiff states, "[t]he ineffective assistance of counsel and The County Court are a matter already mentioned in the appeal." Dkt. No. 7 at 2. Plaintiff states that "[t]o get my conviction, I allege judicial and prosecutorial misconduct, and ineffective assistance of counsel × 4. That is why I am pro se. I had to protect myself when appointed counsel did not. It also went through a couple judges which is why they are mentioned in the preliminary complaint/paperwork, and why I mention bias." Id. Plaintiff states he can "prove each thing I saw not just with my words, but with transcripts[5] from the County Court, and the Adult Drug Court." Id. Plaintiff refers to being drug free for four and a half years and having academic success in college. Id. at 3. He states that he wishes this Court to hear his case because he believes he will not "see bias" in federal court "like I saw in others." Id. Plaintiff states that he "also put in a Notice of Removal in the Federal Court for those criminal charges that led to the Complaint. I do not trust the assigned appellate attorney. That case too has

Constitutional violations. That case number is 1:24-CR-301 (AMN)." Id.

<sup></sup>5     Plaintiff did not provide any transcripts.

### C. Discussion [6]

[6]     As a courtesy, the Court has provided plaintiff with copies of any unpublished cases cited within this Report-Recommendation & Order.

#### 1. Rule 8

As a threshold issue, plaintiff's complaint fails to meet the requirements of Rule 8. See FED. R. CIV. P. 8(a)(2). He does not provide a short and plain statement of the claim demonstrating why he is entitled to relief. Although he makes general references to both an Article 78 proceeding and a criminal proceeding and unexplained references to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel," he does not provide factual support or context. Thus, his complaint does not provide "fair notice" to defendants of the claims against them. See FED. R. CIV. P. 8(a)(2).

#### 2. Heck v. Humphrey

However, there are several substantive concerns that further lead the undersigned to recommend dismissal. First, in referencing to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel" and explicitly referencing a criminal conviction, it is clear that plaintiff is attempting to seek some kind of review of a criminal proceeding or conviction. See Compl. at 3. Plaintiff also accuses all named judges of denying him due process and contends that an unnamed "ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me." Compl. at 4. Plaintiff also references a conviction. See Dkt. No. 7 at 4. Such claims would be barred by Heck v. Humphrey.

**\*5** As this Court, citing the District of Connecticut, has set forth:

In Heck, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original).

[ ]

Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a "§ 1983 action is barred ... no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Ali v. Shattuck, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *3 (N.D.N.Y. May 29, 2024), report-recommendation adopted sub nom. Ali v. Dow, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024) (quoting Zografidis v. Richards, No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at *7. Although plaintiff's complaint wants for detail, the undersigned can clearly determine that plaintiff seeks review of his criminal proceedings, conviction, and/or sentence. The claims plaintiff seeks to pursue relate to allegations that he was denied due process, denied speedy trial rights, and experienced ineffective assistance of counsel. Accordingly, plaintiff's claims are barred by Heck unless and until he can demonstrate favorable termination of his criminal conviction. [7]

[7]     The undersigned recognizes that claims that are determined to be barred by Heck are dismissed without prejudice. However, the undersigned has recommended dismissal with prejudice because

plaintiff has only named defendants who are immune from relief. Accordingly, the undersigned is recommending dismissal of the claims based on these immunities, rather than a <u>Heck</u> dismissal. The undersigned has included the <u>Heck</u> review for sake of completeness.

### 3. Immunities

Plaintiff names as defendants several defendants who are immune from suit. Insofar as plaintiff names Hon. Michael W. Smrtic, Interim Montgomery County Judge and Tatiana N. Coffinger, "County/Family/Surrogate's Court Judge"[8] such claims would be barred by judicial immunity.

[8]    Although plaintiff provides no facts regarding any family court proceedings, that he named a family court judge and makes general reference to that he seeks review over actions taken by a family court judge. Even if plaintiff were to amend his complaint to provide facts about any possible family court proceedings and details about any alleged violations of his rights that he believes he faced in that Court, if plaintiff seeks this Court's review of an order of the family court, such review would be barred by <u>Rooker-Feldman</u>, and if plaintiff seeks this Court's review or intervention of a currently pending/ongoing Family Court proceeding, such review would be barred by <u>Younger</u>. See <u>Porter v. Nasci, No. 5:24-CV-0033 (GTS/TWD), 2024 WL 1142144, at *4 (N.D.N.Y. Mar. 15, 2024)</u> (citations omitted), <u>report and recommendation adopted, 2024 WL 3158645 (N.D.N.Y. June 25, 2024)</u> ("Under the <u>Rooker-Feldman</u> doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment."); see also <u>Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002)</u> ("[F]ederal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

**\*6** "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." <u>Zavalidroga v. Girouard, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8 (N.D.N.Y. July 7, 2017)</u>

(citing <u>Mireles v. Waco, 502 U.S. 9, 9-10 (1991)</u> (per curiam)). "Judicial immunity has been created for the public interest in having judges who are 'at liberty to exercise their functions with independence and without fear of consequences.' " <u>Id.</u> (quoting <u>Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004)</u>). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." <u>Id.</u> (citation omitted); see <u>Positano v. New York, No. 12-CV-2288 (ADS/AKT), 2013 WL 880329, at *4 (E.D.N.Y. Mar. 7, 2013)</u> (explaining that the plaintiff may not bring action against a judge for actions taken in his judicial capacity, even when the actions violated the ADA).

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." <u>Zavalidroga, 2017 WL 8777370, at *8</u> (citing <u>Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)</u>). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.' " <u>Id.</u> (quoting <u>Mireles, 502 U.S. at 11-12</u>). "In determining whether or not a judge acted in the clear absence of all jurisdiction, the judge's jurisdiction is 'to be construed broadly, and the asserted immunity will only be overcome when the judge clearly lacks jurisdiction over the subject matter.' " <u>Pacherille v. Burns, 30 F. Supp. 3d 159, 163 (N.D.N.Y. 2014)</u> (quoting <u>Ceparano v. Southampton Just. Ct., 404 F. App'x 537, 539 (2d Cir. 2011)</u> (summary order)). "Whether a judge acted in a judicial capacity depends on the nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Ceparano, 404 F. App'x at 539</u> (internal quotation marks and citation omitted). "Further, if the judge is performing in his judicial capacity," he " 'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " <u>Ceparano, 404 F. App'x at 539</u> (quoting <u>Stump v. Sparkman, 435 U.S. 349, 362 (1978)</u>). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.' " <u>Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009)</u> (quoting <u>Mireles, 502 U.S. at 11</u>).

Thus, as plaintiff names the judicial defendants in relation to actions or omissions that they took in their roles as judges, their actions are protected by absolute judicial immunity. To the extent plaintiff names Hon. Felix Catena, "Retired

Administrative Law Judge," Judge Catena is also protected by absolute judicial immunity as a judge's retirement, "does not impact [his or] her immunity for acts taken in [his or] her official capacity before her retirement." McCray v. Lewis, No. 16-CV-3855 (WFK/VMS), 2016 WL 4579081, at *2 (E.D.N.Y. Aug. 31, 2016). To the extent plaintiff may seek to sue the judges their official capacities, the suit is barred by the Eleventh Amendment. See Pacherille v. Burns, 30 F. Supp. 3d 159, 163 n.5 (N.D.N.Y. 2014) ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities.").

**\*7** In addition, plaintiff also references, exclusively in his "relief" section of the form complaint, that "the Supreme Court Appellate Division, Third Department" when stating that he experienced "deliberate misconduct and malice." Compl. at 7. He does not name this Court as a defendant anywhere in the complaint. However, even if plaintiff were to have named the Appellate Division, Third Department as a defendant, such defendant would also need to be dismissed based on Eleventh Amendment immunity as the Appellate Division "is merely an agency or arm of New York State." Benyi v. New York, No. 3:20-CV-1463 (DNH/ML), 2021 WL 1404649, at *5 (N.D.N.Y. Mar. 23, 2021), report and recommendation adopted, No. 3:20-CV-1463, 2021 WL 1404555 (N.D.N.Y. Apr. 13, 2021) (citation omitted). Accordingly, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division as a defendant, such claims are barred by Eleventh Amendment immunity. See Compl.

Finally, insofar as plaintiff seeks to sue Prosecutor Samuel V. Maxwell, Esq., Assistant District Attorney, in addition to the Heck issues noted above, he would be protected by absolute prosecutorial immunity. As this Court has recently reiterated,

Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities 'intimately associated with the judicial phase of the criminal process.'" Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This immunity encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citation omitted). Absolute immunity applies when a prosecutor's conduct, acting as an advocate during the judicial phase of the criminal process, "involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011) (citing Kalina v. Fletcher, 522 U.S. 118, 127 (1997)).

Accordingly, absolute immunity extends to functions such as "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (citing Imbler, 424 U.S. at 431 n.33); see also Flagler, 663 F.3d at 547 (explaining, "the Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case ... [but] withheld absolute immunity for conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness."). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused ...." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Williams v. Atkins, No. 5:24-CV-0573 (DNH/TWD), 2024 WL 3649849, at *5 (N.D.N.Y. June 11, 2024), report and recommendation adopted, No. 5:24-CV-573, 2024 WL 3548760 (N.D.N.Y. July 26, 2024).

Plaintiff appears to suggest that Mr. Maxwell "withheld potentially exculpatory material" that was used against him. Compl. at 4. Beyond the Heck barriers already discussed, even if plaintiff could amend to provide greater detail, absolute immunity would extent to even this alleged misconduct as such allegations clearly fall within the scope of prosecutorial immunity. Accordingly, it is recommended that any claims against ADA Samuel V. Maxwell be dismissed for absolute prosecutorial immunity. "Furthermore, because the District Attorney's prosecutorial immunity is substantive and not something that can be corrected by a better pleading, I recommend that the dismissal be with prejudice." Phillips v. New York, No. 5:13-CV-927, 2013 WL 5703629, at *5 (N.D.N.Y. Oct. 17, 2013) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 223 (2d Cir. 2000)). [9]

[9]    Plaintiff appears to characterize his submissions as a purported removal to federal court or suggests that he seeks to remove his case from Montgomery County Court to this Court. See Dkt. No. 7 (citing 28 U.S.C. § 1441). However, in addition

to the infirmities mentioned above, plaintiff has not demonstrated that any proceeding related to this complaint has been properly removed to, or is subject to removal to, this Court. See, e.g., 28 U.S.C. § 1446. Indeed, plaintiff's submissions appear to indicate that plaintiff is the plaintiff in the County Court action. See id. § 1446(a).

### III. Conclusion

**\*8** It is **ORDERED**, that plaintiff's in forma pauperis application (dkt. no. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's section 1983 claims against Honorable Michael W. Smrtic; Tatiana N. Coffinger, County/Family/Surrogate's Court Judge; and Felix Catena, Retired Administrative Law Judge (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** as follows: (1) claims brought against them in their personal/individual capacities for judicial immunity, and (2) claims brought against them in their official capacities for Eleventh Amendment immunity; and it is further

**RECOMMENDED**, that plaintiff's section 1983 claims against Assistant District Attorney Samuel V. Maxwell (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** due to absolute prosecutorial immunity; and it is further

**RECOMMENDED**, that, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division, Third Department, as a defendant (Dkt. Nos. 1, 7), such claims be **DISMISSED WITH PREJUDICE** as barred by Eleventh Amendment immunity, and it is

**RECOMMENDED**, that plaintiff's pro se motion for permission to file electronically (dkt. no. 4) and motion to appoint counsel [10] (dkt. no. 5) be **DISMISSED AS MOOT** based on the above recommendations, and it is

[10] The undersigned also notes that plaintiff did not contend that he made any efforts to obtain counsel on his own, show proof of any attorneys he contacted. See Terminate Control Corp v. Horowitz, 28 F.3d 1335 (2d Cir. 1994). See Dkt. No. 5.

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72. [11]

[11] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

**All Citations**

Slip Copy, 2024 WL 4870495

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|-------|-----|-------|------|------|
| **1.  Docket 1:24-CV-00847**<br>Cole v. Smrtic et al | — | N.D.N.Y. | July 08, 2024 | Docket |

**History (2)**

**Direct History (2)**

1.  Cole v. Smrtic 🔖
    2024 WL 4870495 , N.D.N.Y. , Nov. 21, 2024

*Report and Recommendation Adopted by*

2.  Cole v. Smrtic
    2025 WL 247901 , N.D.N.Y. , Jan. 21, 2025

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 1291533
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Scott LESSON, Plaintiff,

v.

Jane DOE / State Trooper, Defendant.

1:25-cv-00188 (AMN/TWD)
|
Signed May 5, 2025

**Attorneys and Law Firms**

SCOTT LESSON, Saratoga County Jail, 6010 County Farm
Road, Ballston Spa, New York 12020, Plaintiff, pro se.

**ORDER**

Anne M. Nardacci, United States District Judge:

**I. INTRODUCTION**

 **\*1**  On February 10, 2025, *pro se* plaintiff Scott Lesson
("Plaintiff") commenced this action pursuant to 42 U.S.C. §
1983 ("Section 1983") against an unknown New York State
Trooper. Dkt. No. 1 ("Complaint"). Plaintiff sought and was
granted leave to proceed *in forma pauperis*. Dkt. Nos. 4, 6.

This matter was referred to United States Magistrate Judge
Thérèse Wiley Dancks, who reviewed the Complaint pursuant
to 28 U.S.C. § 1915(e) and, on March 26, 2025, recommended
that the Complaint be dismissed with leave to amend. Dkt. No.
6 ("Report-Recommendation"). Magistrate Judge Dancks
advised that pursuant to 28 U.S.C. § 636(b)(1), the parties
had fourteen days within which to file written objections and
that failure to object to the Report-Recommendation within
fourteen days would preclude appellate review. *Id.* at 7-8. [1]
No party has filed objections to the Report-Recommendation
and the time for filing objections has expired.

[1]    Citations to docket entries utilize the pagination
generated by CM/ECF, the Court's electronic filing
system, and not the documents' internal pagination.

For the reasons set forth below, the Court adopts the Report-
Recommendation in its entirety.

**II. STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate
judge's report-recommendation that have been properly
preserved with a specific objection. 28 U.S.C. § 636(b)(1)
(C). "To be 'specific,' the objection must, with particularity,
'identify [1] the portions of the proposed findings,
recommendations, or report to which it has an objection
and [2] the basis for the objection.' " *Petersen v. Astrue*,
2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in
original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific
objections have been filed, this Court reviews a magistrate
judge's report-recommendation for clear error. *See Petersen*,
2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory
committee's notes to 1983 addition). Similarly, when a party
files "[g]eneral or conclusory objections, or objections which
merely recite the same arguments [previously] presented to
the magistrate judge," the district court reviews a magistrate
judge's report-recommendations for clear error. *O'Diah v.
Mawhir*, No. 08-cv-322, 2011 WL 933846, at \*1 (N.D.N.Y.
Mar. 16, 2011) (citations omitted); *accord Mario v. P &
C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
(a "statement, devoid of any reference to specific findings
or recommendations to which [the plaintiff] objected and
why, and unsupported by legal authority, was not sufficient
to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29
& n.6 (collecting cases). "When performing such a 'clear
error' review, 'the court need only satisfy itself that there is
no clear error on the face of the record in order to accept
the recommendation.' " *Dezarea W. v. Comm'r of Soc. Sec.*,
No. 21-cv-01138, 2023 WL 2552452, at \*1 (N.D.N.Y. Mar.
17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-
cv-0367, 2017 WL 5484663, at \*1 n.1 (N.D.N.Y. Nov. 14,
2017)).

 **\*2**  "[I]n a *pro se* case, the court must view the submissions
by a more lenient standard than that accorded to 'formal
pleadings drafted by lawyers.' " *Govan v. Campbell*, 289
F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines
v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations
omitted). The Second Circuit has held that courts are
obligated to "make reasonable allowances to protect *pro se*
litigants" from inadvertently forfeiting legal rights merely
because they lack a legal education. *Id.* (quoting *Traguth v.
Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a
*pro se* party's objections to a Report and Recommendation
must be specific and clearly aimed at particular findings in
the magistrate's proposal ...." *Machicote v. Ercole*, No. 06-
cv-13320, 2011 WL 3809920, at \*2, (S.D.N.Y. Aug. 25, 2011)
(citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567,

2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks determined that Plaintiff's allegations failed to set forth a claim for excessive force, as Plaintiff did not identify what force the unidentified state trooper purportedly used against him, nor how it was excessive. Dkt. No. 6 at 5-6. Magistrate Judge Dancks also found that Plaintiff's allegations failed to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure. *Id.* at 4-5. As a result, Magistrate Judge Dancks recommended that the Complaint be dismissed with leave to amend. *Id.* at 6-7. The Court agrees with Magistrate Judge Dancks' findings and recommendations for the reasons set forth in the Report-Recommendation. Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**; [2] and the Court further

[2]    As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Dkt. No. 5 at 6–7.

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiffs file a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules. [3]

[3]    The Clerk shall also provide Plaintiff, at both his address of record and the future address he provided, Dkt. No. 2, with copies of all unreported decisions herein.

**IT IS SO ORDERED.**

## All Citations

Slip Copy, 2025 WL 1291533

---

End of Document                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**History (2)**

**Direct History (2)**

1. Lesson v. Doe
2025 WL 915777 , N.D.N.Y. , Mar. 26, 2025

*Report and Recommendation Adopted by*

2. Lesson v. Doe
2025 WL 1291533 , N.D.N.Y. , May 05, 2025

**Filings**

There are no Filings for this citation.

2006 WL 3463425
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court,
E.D. New York.

In re Thomas SHELTON.

No. 06-CV-6132 CBA.
|
Nov. 30, 2006.

**Attorneys and Law Firms**

Thomas Shelton, Cape Vincent, NY, pro se.

ORDER

AMON, United States District Judge:

 **\*1** On November 8, 2006, Thomas Shelton, who is is incarcerated at Cape Vincent Correctional Facility, filed a document with the Court styled as a "Freedom of Information Request." This Court may not act on Mr. Shelton's request for information as stated. However, in an abundance of caution, the Clerk of Court has been directed to assign a docket number to this case, solely for the purpose of this Order. In order to proceed with this action in federal court, Mr. Shelton must file a complaint and either pay the filing fee or submit a request to proceed *in forma pauperis* and a Prisoner Authorization form within thirty (30) days of the date of this Order.

*Mr. Shelton's Submission*

The document received by the Court consists of a three-page handwritten request "made pursuant to Title 5 U.S.C.A. Subsection 522 and the Sarbanes Oxley Act of 2002" and addressed to the U.S. District Court Eastern District of NY. Mr. Shelton requests " 'All' civil and/or criminal active and/or inactive existing records and/or files social security account/ I.R.S. account number # XXX-XX-XXXX and original case number # 02922-2003 STAT of New York County Queens v. Thomas Shelton" and other materials. Mr. Shelton additionally asks that "If you/your office do not have these document mentioned above, please foward this FOIL to the correct department so I my recive these documents." [*sic* ].

DISCUSSION

*Standard of Review*

In reviewing Mr. Shelton's request, the Court is mindful that because he is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Furthermore, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000); *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999).

However, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.* If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700-01 (2d Cir.2000) (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994)). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*The FOIL/FOIA Request*

 **\*2** Mr. Shelton cites to both state and federal laws providing access to government records. The New York Freedom of Information Law, Public Officers Law § 84 *et seq.* ("FOIL") allows individuals to request disclosure of records collected by New York state agencies, subject to certain statutory exemptions. If the initial request is denied, the requester may appeal the denial first to the "head, chief executive or governing body" of the entity or agency in possession of the documents, and, thereafter, by commencing a special proceeding in New York State courts under Article 78 of the

2006 WL 3463425

New York Civil Practice Law and Rules. N.Y. Pub. Off. L. § 89(4)(a) and (b). Federal courts do not have jurisdiction to enforce state laws granting public access to official records.

The federal Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA") created a judicially enforceable public right of access to information collected by executive branch agencies, subject to specified limitations. FOIA requests must be made to the specific agency, may be administratively appealed to the head of the agency, and ultimately are appealable to federal courts. 5 U.S.C. § 552(a)(4)(B). However, federal court jurisdiction "is dependent upon a showing that an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records," ' *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980), and the requester must first exhaust his administrative remedies, *Ruotolo v. Department of Justice,* 53 F.3d 4, 8 (2d Cir.1995).

To the extent that Mr. Shelton seeks information from state agencies, such as the Queens County Court, this Court does not have jurisdiction over requests made pursuant to the state FOIL. The federal FOIA applies only to federal agencies, and not to state agencies. *See e.g. Grand Cent. Partnership, Inc. v. Cuomo,* 166 F.3d 473, 484 (2d Cir.1999). To the extent that Mr. Shelton seeks information from federal agencies such as the IRS, he has not indicated that he has filed a FOIA request, that such request was initially denied, nor that he has exhausted his administrative remedies.

Although this Court can discern no federal question that would give this Court jurisdiction over Mr. Shelton's request, the Court is mindful of Mr. Shelton's *pro se* status. Accordingly, the Court grants leave to file a complaint. Rule 8 of the Federal Rules of Civil Procedure provides that, in order to state a claim for relief, a complaint must contain "(1) a short and plain statement of the grounds upon which the

court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief pleader seeks." Fed.R.Civ.P. 8(a). Moreover, in order to bring a complaint in federal court, Mr. Shelton must either pay the filing fee or seek leave of the Court to proceed *in forma pauperis*. Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. However, the Prison Litigation Reform Act ("PLRA") requires prisoners to pay the full filing fee from their prison accounts as funds become available. For Mr. Shelton's convenience, the Court has attached the forms for application to proceed *in forma pauperis* and the Prisoner Authorization for disbursement of funds pursuant to the PLRA.

CONCLUSION

**\*3** Mr. Shelton shall have thirty (30) days from the date of this Order to file a complaint that complies with Rule 8. The Complaint must be accompanied by the filing fee or by the application to proceed without prepayment of fees and the Prisoner Authorization to disburse funds from the prison trust fund account. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 3463425

---

**End of Document**                                           © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Docket 1:06cv06132**<br>ASSIGNED TO: JUDGE CAROL B. AMON REFERRED TO: MAGISTRATE-JUDGE LOIS BLOOM CAUSE: 42:1983 PRISONER CIVIL RIGHTS DATE FILED: 11/08/2006 JURY DEMAND: NONE NATURE OF SUIT: 550 PRISONER: CIVIL RIGHTS JURISDICTION: FEDERAL QUESTION IN RE THOMAS SHELTON REPRESENTED BYTHOMAS SHELTON 04R0515 CAPE VINCENT CORRECTIONAL FACILITY ROUTE 12E PO BOX 739 CAPE VINCENT, NY 13618 US PRO SE | — | E.D.N.Y. | Nov. 08, 2006 | Docket |

**History**

There are no History results for this citation.