UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HOLLY JARVIS,

                          Plaintiff,

    -against-                                      5:25-CV-843 (LEK/MJK)

DUELL et, *et al.*,

                          Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Holly Jarvis ("Plaintiff") filed this action *in forma pauperis* on June 27, 2025, alleging violations of her due process rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1, 2 ("IFP Application").[1] The Honorable Mitchell J. Katz, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Court grants Plaintiff's IFP Application and dismiss Plaintiff's Complaint. Dkt. No. 7. Plaintiff then filed an amended complaint, Dkt. No. 10 ("Amended Complaint"), which this Court accepted as filed, Dkt. No. 12, and subsequently found Judge Katz's Report-Recommendation and Order was moot, *id*.

On October 16, 2025, Judge Katz issued a second Report-Recommendation and Order based on the Amended Complaint. Dkt. No. 13 ("Report and Recommendation"). Plaintiff filed objections. Dkt. No. 14 ("Objections").

---

[1] This case is related to *Jarvis v. City of Syracuse Police Department, et al.*, 25-CV-228 (LEK/MJK) and *Jarvis v. Funny Bone Comedy Club, et al.*, 25-CV-645 (LEK/MJK).

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

The Court assumes familiarity with Judge Katz's Report and Recommendation, as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 2–3.

## III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *3 (2d Cir. Oct. 28, 2025). "A plaintiff is deemed to have [forfeited]

an objection to a magistrate judge's report if he does not present his claims to the district court. In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (citation modified); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120-21 (2d Cir. 2022). *"*Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). "The point of making objections is to tell the district judge – who, under § 636(b)(1) must make the final decision and enter judgment – what issues the parties actually dispute." *Id.* "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection." *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (emphasis in original) (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV. DISCUSSION

### A. The Report and Recommendation

In his Report and Recommendation to this Court, Judge Katz recommended dismissing Plaintiff's Amended Complaint because it lacks any facts which plausibly state a claim invoking the Court's jurisdiction. *See* R. & R. at 4–15.

First, Judge Katz explained that Plaintiff: 1) "has not established that this Court has subject matter jurisdiction over this case," 2) "has not established that the District Court has subject matter jurisdiction over her [Freedom of Information Law (FOIL)] claim," and 3) she "has not pleaded that Defendants are personally involved in the FOIL claim." *Id.* at 8–9. Next, Judge Katz recommended dismissing Plaintiff's Section 1983 excessive force claim because Plaintiff's allegations "do[] not allege that *Defendants* caused the injury," not do they articulate "what level of force Defendants used." *Id.* at 11. Further, Judge Katz recommended that Plaintiff's Fourth Amendment illegal search claim be dismissed because "Jarvis never alleges that she was searched" and "has not plausibly pleaded an illegal search claim." *Id.* at 12–13. Finally, Judge Katz recommended dismissing Plaintiff's First Amendment retaliation claim because Plaintiff not explained: 1) how "she engaged in protected First Amendment activity," 2) how "Defendants actions chilled her speech," or 3) whether "Defendants are government actors." *Id.* at 13–14. Judge Katz ultimately recommended this Court grant Plaintiff leave to amend on all of her claims except her FOIL claim, "because no fact or set of facts will give the District Court subject matter jurisdiction over [it]." *Id.* at 14–15.

4

**B. Plaintiff's Objections**

As best this Court can identify, Plaintiff has filed two objections to Judge Katz's Report and Recommendation. Obj. 1–2. While these objections evince specificity, they are largely repetitions of arguments that Judge Katz dealt with in his well-reasoned order. *Compare* R. & R. at 4–16 *with* Obj. at 1–2. However, mindful of Plaintiff's pro se status, and the Second Circuit's recent decision in *Nambiar*, the Court will review Plaintiff's objections *de novo*. *Nambiar*, 2025 WL 3007285, at *5 (2d Cir. Oct. 28, 2025) (requiring *de novo* review for even rehashed arguments because "objection[s] not only may, but often must, repeat arguments that were previously raised.").

*1.* <u>Objection 1</u>

Plaintiff objects to the dismissal of her Section 1983 claims against Defendants Duell and Philbrick because they "acted under color of law when they intervened in the November 25, 2023 incident at the Funny Bone Comedy Club, worked with security and Syracuse Police, and exercised authority as law-enforcement officers. Their actions caused Plaintiff physical injury, emotional distress, and violated her constitutional rights under the First and Fourth Amendments." Obj. at 1. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a Plaintiff must show that the "alleged deprivation was committed by a person acting under color of state law." *Id*. "A defendant acts under color of state law when" they exercise "some right or privilege created by the State . . . or" they are otherwise "a person for whom the state is responsible, and" are "a person who may fairly be said to be a state actor." *See Sykes v. McPhillips*, 412 F.Supp.2d 197, 200 (N.D.N.Y. 2006) (internal quotations omitted) (citing *Nicholson v. Lenczewski*, 356 F.Supp.2d 157, 162 (D. Conn. 2005)).

Here, Plaintiff's Complaint fails to allege any facts that the (off-duty) Defendants were acting under color of law, "worked with security and Syracuse Police, [or] exercised authority as law-enforcement officers." *See generally* Am. Compl; Obj. at 1. Moreover, Plaintiff's allegations in their current form do not in and of themselves create a cause of action under Section 1983. *See Carr v. Gerwitz*, No. 24-CV-1069, 2024 WL 4712526 at *3 (N.D.N.Y. Sept. 20, 2024) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). Thus, this objection is overruled.

### 2. Objection 2

Plaintiff further objects to "dismissal of her denial-of-access-to-courts claim, as the defendants' failure to preserve and produce video footage constitutes a spoilation of evidence essential to this case." Obj at 2. While "FOIL allows individuals to request disclosure of records collected by New York state agencies, subject to certain statutory exemptions," Judge Katz correctly explained that this Court "does not have jurisdiction over this issue." *See* R. & R. at 7–8. As Plaintiff knows, "Federal courts do not have subject matter jurisdiction to enforce state laws regarding public access to official records." *Jarvis v. Duell*, No. 25-CV-843, 2025 WL 2467484, at *2 (N.D.N.Y. Aug. 26, 2025) (citing *In re Shelton*, No. 06-CV- 6132, 2006 WL 3463425, at *2 (E.D.N.Y. Nov. 30, 2006)). "If an initial request is denied, the requester may appeal the denial first to the 'head, chief executive or governing body' of the entity or agency in possession of the documents, and, thereafter, by commencing a special proceeding in New York State courts under Article 78 of the New York Civil Practice Law and Rules." *Id.* (citing N.Y. Pub. Off. L. § 89(4)(a) and (b)). Therefore, this objection is also dismissed.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 13, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's amended complaint, Dkt. No. 10, is **DISMISSED with leave to amend** as to each claim with the exception of Plaintiff's FOIL claims; and it is further

**ORDERED**, that Plaintiff's amended complaint, Dkt. No. 10, is **DISMISSED with prejudice** as to Plaintiff's FOIL claims; and it is further

**ORDERED**, that if Plaintiffs wish to proceed with this action, they must file an amended complaint as set forth above within Forty-Five (45) days from the date of the filing of this Memorandum-Decision and Order. If Plaintiffs timely file an amended complaint, this matter shall be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiffs fail to timely file an amended complaint, the Clerk shall dismiss this action and close this case without further order from the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     December 17, 2025
            Albany, New York

_/s/ Lawrence E. Kahn_
LAWRENCE E. KAHN
United States District Judge